UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUCAS OSBORNE, DESIREE MORENO, LIANA GRAFF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VANCOUVER POLICE, CLARK COUNTY SHERIFF'S DEPARTMENT, JOHN DOE OFFICERS,<br><br>　　　　Defendants. | CASE NO. C15-5877 BHS-KLS<br><br>ORDER TO SHOW CAUSE OR TO AMEND |

Plaintiff Lucas Osborne, a prisoner in the Clark County Jail, purports to file this civil rights complaint under 42 U.S.C. § 1983 *pro se* and *in forma pauperis*, on behalf of his girlfriend and his girlfriend's mother. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915(e), the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave to file an amended pleading by **January 15, 2016,** to cure the deficiencies identified herein.

## DISCUSSION

The Court will dismiss a complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the

ORDER TO SHOW CAUSE OR TO AMEND- 1

1  Constitution or created by federal statute, and (2) the violation was proximately caused by a
2  person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.
3  1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right
4  allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy this second prong,
5  a plaintiff must allege facts showing how individually named defendants caused, or personally
6  participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350,
7  1355 (9th Cir. 1981).
8      Plaintiff alleges that he is currently confined at the Clark County Jail, where he filed, but
9  did not complete the grievance process. He alleges that on October 2, 2015, the Clark County
10 Sheriff's Department/Vancouver Police Department forcefully gained entry to the residence of
11 Desiree Moreno and Liana Graff without a search warrant. On October 5, 2015, Desiree Moreno
12 suffered a miscarriage. Plaintiff alleges the miscarriage was due to the unlawful entry by the
13 police. Dkt. 6. Plaintiff's complaint suffers from deficiencies that, if not corrected in an
14 amended complaint, require dismissal.
15     First, Plaintiff cannot bring a civil rights action on behalf of others. Individuals have a
16 statutory right to represent themselves in federal court. 28 U.S.C. § 1654. However, "[i]t is well
17 established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the
18 litigant and does not extend to other parties or entities." *Smith v. Hartford Life, Inc.*, 546 F.3d
19 661, 664 (9th Cir. 2008). Thus, as a matter of law, Mr. Osborne cannot represent Desiree
20 Moreno or Liana Graff. If either Desiree Moreno or Liana Graff seek redress for a violation of
21 their civil rights, they must bring their own complaint. Similarly, if they wish to be granted *in*
22 *forma pauperis* status, they must submit a completed and signed application based on their
23 personal financial information. Claims brought by Mr. Osborne on their behalf in this lawsuit
24 are subject to dismissal.

If Mr. Osborne intends to proceed with this action under 42 U.S.C. § 1983 on his own behalf, he must file an amended complaint alleging facts to show that a person acting under color of state law violated his constitutional rights. He should explain how this occurred and how he was harmed. The amended complaint must be on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **January 15, 2016,** the Court will recommend dismissal of this action **as frivolous pursuant to 28 U.S.C. § 1915**.

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff**.

**DATED** this 21st day of December, 2015.

Karen L. Strombom
United States Magistrate Judge