UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUCAS OSBORNE,

               Plaintiff,

v.

VANCOUVER POLICE, et al.,

               Defendants.

CASE NO. C15-5877BHS

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, DISMISSING CLAIMS, AND GRANTING PLAINTIFF LEAVE TO AMEND

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 17), and Plaintiff Lucas Osborne's ("Osborne") objections to the R&R (Dkt. 18).

On February 3, 2016, Judge Strombom issued the R&R recommending that the Court *sua sponte* dismiss Osborne's complaint for failure to state a claim. Dkt. 17. On February 18, 2016, Osborne filed a motion and objections. Dkt. 18.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Osborne has filed a complaint on behalf of himself, his girlfriend and his girlfriend's mother. With regard to the other parties, the Court agrees with Judge Strombom and adopts the R&R recommending dismissal of those claims. Osborne may not litigate a case on behalf of other individuals. Therefore, the Court dismisses the claims on behalf of Osborne's girlfriend and his girlfriend's mother.

With regard to Osborne's claim that his rights were violated, the R&R sets forth an exceedingly high standard for a pro se complaint. For example, the R&R states that

> [Osborne] alleges only that he was slammed to the ground and that his back was injured. He alleges no other facts or circumstances of his case, including the severity of the crime at issue, whether he posed an immediate threat to the safety of the officers, whether he was actively resisting arrest or attempting to evade arrest, who injured him and how, and how he has been damaged by his injuries.

Dkt. 17 at 3–4. The authorities cited for requiring these allegations address either post trial motions or summary judgment motions. *Id*. at 3. The standard for stating a claim is much lower and the standard for overcoming a *sua sponte* dismissal is even lower.

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an

express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

With regard to a requested dismissal, such a motion may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Finally, dismissal without leave to amend is proper when the plaintiff has had multiple opportunities to cure identified deficiencies or if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

While Osborne's individual allegations are sparse, the Court is unable to agree that they are frivolous and have no arguable basis in law or fact. Moreover, it is not *absolutely clear* that the deficiencies could not be cured by any amendment because Osborne provides additional allegations regarding his individual claim in his objections. Dkt. 18 at 2 (objection 5).

Therefore, the Court having considered the R&R, Osborne's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part** as to dismissal of Osborne's claims on behalf of other parties and denying Osborne's motion to appoint counsel ;

(2) These claims are **DISMISSED** *sua sponte* with prejudice;

(3) Osborne's motion to appoint counsel is **DENIED**;

(4) The Court declines to adopt the R&R as to Osborne's individual claims;

(5) Osborne is **GRANTED** leave to amend his complaint as to only his individual excessive force claim;

(6) Osborne must file an amended complaint no later than April 22, 2016; and

(7) This case is re-referred to the Honorable Karen L. Strombom.

Dated this 1st day of April, 2016.

BENJAMIN H. SETTLE
United States District Judge