# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

LUCAS OSBORNE,

    Plaintiff,

v.

VANCOUVER POLICE, et al.,

    Defendants.

CASE NO. C15-5877 BHS-KLS

ORDER DENYING PLAINTIFF'S SECOND MOTION FOR THE APPOINTMENT OF COUNSEL

Before the Court is Plaintiff Lucas Osborne's second motion for the appointment of counsel. Dkt. 42. His first motion was denied. *See* Dkt. 17 (Report and Recommendation) and Dkt. 19 (Order Adopting Report and Recommendation in Part). In his present motion, plaintiff asserts that he should be appointed counsel because (1) he is "still incarcerated," (2) he has been relocated to the Larch Corrections Center, "which does not have any legal resources," (3) he will not be released until the "end of 2018" at the earliest, and (4) he "is indigent." Dkt. 42. For the reasons set forth, the motion will be denied.

## DISCUSSION

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236

PRETRIAL SCHEDULING ORDER - 1

1 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional
2 circumstances requires an evaluation of both the likelihood of success on the merits and the
3 ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues
4 involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be
5 viewed together before reaching a decision on request of counsel under Section 1915(d). *Id.*

6 Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* but has not
7 demonstrated that the issues involved in this case are complex. Plaintiff's incarceration and
8 limited access to legal materials are not exceptional factors constituting exceptional
9 circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties
10 encountered by many pro se litigants. Plaintiff has also not shown a likelihood of success on the
11 merits. *See, e.g.*, *Wilborn*, 789 F.2d at 1331.

12 As to the lack of a law library at the Larch Corrections Center, the Court notes that
13 prisoners do not have a "freestanding right" under the U.S. Constitution to a law library or to
14 legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Law libraries and legal assistance
15 programs are a means of ensuring that a prisoner's right of access to the courts under the First
16 and Fourteenth Amendments is preserved. *Id.* The accessibility or adequacy of a law library is
17 therefore of constitutional concern only when it thwarts prisoners from exercising their right to
18 access the courts for the purpose of seeking redress for "claimed violations of fundamental
19 constitutional rights." *Id.* (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). In order to state
20 a cognizable claim, then, prisoners must demonstrate that they suffered "actual injury" because
21 of deficiencies in law library access or materials, "such as the inability to meet a filing deadline
22 or to present a claim" in a direct appeal, habeas petition, or a Section 1983 action. *Id.* at 355.
23

As previously noted, plaintiff has demonstrated an ability to articulate his claims pro se and this case is proceeding on his amended complaint. There are currently no motions or deadlines pending in this case. In addition and as pointed out by defendants, Department of Correction Policy 590.500 allows inmates to request temporary transfers to major facilities for full access to law libraries when they have pending deadlines in a case. Plaintiff is encouraged to work with his counselor and prison officials in the event access to a law library becomes necessary.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for the appointment of counsel (Dkt. 42) is **DENIED.**

(2) The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants.

Dated this 1st day of September, 2016.

Karen L. Strombom
United States Magistrate Judge

PRETRIAL SCHEDULING ORDER - 3