# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

LUCAS OSBORNE,

    Plaintiff,

v.

VANCOUVER POLICE, et al.,

    Defendants.

CASE NO. C15-5877 BHS-KLS

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION (DKT. 63)

Before the Court is Plaintiff Lucas Osborne's motion for extension (Dkt. 63), seeking a thirty day extension of a deposition in another case and a sixty day extension of his deadline to respond to defendants' motions for summary judgment (Dkts. 51 and 57) in this case. Dkt. 63.

As noted by defendants, the deposition mentioned in Mr. Osborne's motion is for a different lawsuit (*Osborne v. Clark County Sheriff's Office,* No. C16-5307 BHS-DWC) and the deposition has already been rescheduled. Dkt. 64, p. 1 n.1. Defendants oppose Mr. Osborne's request for a sixty day extension of his deadline to respond to their summary judgment motions in this case because he has failed to comply with Fed. R. Civ. P. 56(d). *Id.*, pp. 2-3.

## DISCUSSION

To obtain relief under Rule 56(d), parties "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR EXTENSION - 1

motion." *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. *Employers Teamsters Local Nos. 175 &505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-30 (9th Cir. 2004).

Mr. Osborne asks for a sixty day extension "to better put my answers together." Dkt. 63. He does not seek a continuance for the purpose of conducting additional discovery pursuant to Rule 56(d). Because he is proceeding pro se in this matter, the Court believes a thirty day extension of his deadline is appropriate and will not prejudice defendants.

Plaintiff was previously advised in this Court's Pretrial Scheduling Order (Dkt. 41) and in the notices sent by defendants contemporaneously with their motions for summary judgment (Dkts. 52 and 58), as to what he must do to oppose a motion for summary judgment. In an abundance of caution, the Court restates the notice here:

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

It is, therefore, **ORDERED:**

(1) Plaintiff's motion (Dkt. 63) is **GRANTED in part.** The Clerk of Court shall **re-note** Defendants' summary judgment motions (Dkts. 51 and 57) for **December 16, 2016.** Plaintiff's responses to the summary judgment motions are due on **December 12, 2016;** Defendants' replies are due on **December 16, 2016.**

(2) Plaintiff's motion (Dkt. 63) regarding *Osborne v. Clark County Sheriff's Office,* No. C16-5307 BHS-DWC is not properly before this Court and for that reason is **DENIED.**

(3) The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this 8TH day of November, 2016.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge