UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUCAS OSBORNE,

                              Plaintiff,

        v.

VANCOUVER POLICE, CITY OF
VANCOUVER, CLARK COUNTY
SHERIFF'S OFFICE, SGT. ANDY
HAMLIN ALAN EARHART,
CHARLIE AHN, SGT. EASTMAN,
JOSH GONZALES,

                              Defendants.

No. C15-5877 BHS-KLS

**REPORT AND RECOMMENDATION**
**Noted for:  March 10, 2017**

        Defendant Joshua Gonzales moves the Court, pursuant to Fed. R. Civ. P. 56, for summary

judgment dismissal of Plaintiff Lucas Osborne's claims against him.  Defendant Gonzales filed

his motion for summary judgment and provided notice to plaintiff of his motion on October 26,

2016.  Dkts. 57 and 58.  On October 24, 2016, the summary judgment motion of Defendants

Charlie Ahn, Andy Hamlin, the City of Vancouver, and the Vancouver Police Department (the

"Vancouver Defendants") was filed.  Dkt. 52.[1]  On November 8, 2016, the Court granted, in part,

Mr. Osborne's request for an extension of these motions.  Dkt. 65.  Mr. Osborne was directed to

_____

[1] The Vancouver Defendants' motion for summary judgment is the subject of a separate report and recommendation.
A third motion for summary judgment filed by the Clark County defendants is also pending but is noted for January
20, 2017.  Dkt. 67.

REPORT AND RECOMMENDATION - 1

file his responses to both summary judgment motions by December 12, 2016. *Id.* Despite the additional time, Mr. Osborne filed no papers in opposition to the summary judgment motions.[2]

On January 27, 2017, Mr. Osborne filed a response. Dkt. 80. It is not clear whether the response addresses Defendant Gonzales's motion but in any event, it has not been considered as it was not timely filed.

If a summary judgment motion is unopposed, Rule 56 "authorizes the court to consider a fact as undisputed," but it does not permit the court to grant summary judgment by default. Under the summary judgment standard, if the moving party fails to meet its initial burden of production, the opposing party need not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102–03 (9th Cir.2000). The Court therefore, addresses Mr. Gonzales's motion for summary judgment on the merits.

Having reviewed the motion for summary judgment, declarations, the Amended Complaint (Dkt. 23), and balance of the record, and for the reasons set forth herein, the undersigned recommends that Mr. Gonzales's motion for summary judgment be granted.

## PLAINTIFF'S CLAIMS

Mr. Osborne claims that he was subjected to the use of excessive force when he was arrested on October 2, 2015. In his amended complaint Mr. Osborne named "Josh Gonzales, VPD" as a defendant. However, the amended complaint is devoid of any facts specific to Josh Gonzales. Dkt. 23, p. 3.

---

[2] On January 9, 2017, almost a month after Mr. Osborne's response to the summary judgment motion was due, the Court received letters from Mary Eibl and Liana Graf with their description of Mr. Osborne's arrest. Dkts. 75 and 76. Although they purport to be affidavits, they are not signed under oath and they are not attached to a motion or response. Accordingly, the letters have not been considered.

REPORT AND RECOMMENDATION - 2

# UNDISPUTED FACTS

Joshua Gonzales is employed as a Department of Corrections Officer and has been so employed for over eleven years. Dkt. 59, Declaration of Joshua Gonzales, p. 1. He has never been directly employed by the Vancouver Police Department or the Clark County Sheriff's Office. *Id*. On October 2, 2016, Officer Gonzales was asked by Detective Sandy Aldridge of the Vancouver Police Deparmtent "to assist in locating and apprehending Lucas Osborne for violation of a domestic protection order." *Id*. at p. 2. It was believed that Mr. Osborne would be found at Ms. Moreno's house. Upon arrival at Ms. Moreno's house, Officer Gonzales was assigned to cover the back exit of the home to prevent Mr. Osborne from escaping. Mr. Osborne was subsequently located in the master bedroom. "Moments later, Detective Aldridge, hearing a commotion, advised me that it sounded like Osborne was resisting and told me to go into the house to assist. I entered the house and went up to the bedroom just as the other officers were placing Osborne in handcuffs. At no time before or after Osborne's arrest did I physically touch or otherwise come into contact with Osborne, who was escorted out of the house and to a patrol vehicle by Officer Ahn." *Id*. at p. 3.

Mr. Osborne has provided no facts which refute Officer Gonzales' testimony. In fact, he admitted that Officer Gonzales was named as a defendant because "he was involved" even though Officer Gonzales did not hit or arrest Mr. Osborne. Dkt. 60, p. 10. It is, therefore, undisputed that Officer Gonzales was not present or involved in any fasion in the actual arrest of Mr. Osborne.

*//*

*//*

*//*

REPORT AND RECOMMENDATION - 3

**STANDARD OF REVIEW**

**A.      Summary Judgment**

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case.  *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000).  A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law.  *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

*//*

*//*

REPORT AND RECOMMENDATION - 4

**B.    42 U.S.C. § 1983**

To be entitled to relief under 42 U.S.C. § 1983, a plaintiff must show: (i) the conduct complained of was committed by a person acting under color of state law; and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is not merely a "font of tort law." *Parratt*, 451 U.S. at 532. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

## DISCUSSION

Officer Gonzales contends that Mr. Osborne has failed to state a claim for excessive force against him because he was not even present when the arrest occurred. Officer Gonzales also contends that Mr. Osborne lacks standing to bring a Fourth Amendment challenge to the officers' entry and search because he admitted he was unlawfully in Ms. Moreno's house. Finally, Officer Gonzales argues that Mr. Osborne's action against him is barred by qualified immunity. Dkt. 57 at 5. Because the undisputed facts clearly show that Officer Gonzales was not involved in Mr. Osborne's arrest, summary judgment may be granted on that basis alone.

### Use of Force by Defendant Gonzales

On summary judgment, the court's first task is to "determine[] the relevant set of facts [by] draw[ing] all inferences in favor of the nonmoving party," but the Court can do so only "to the extent supportable by the record." *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007). At that point, "the reasonableness of [the officer's] actions… is a pure question of law." *Id.*

To successfully maintain a § 1983 claim, a plaintiff must demonstrate that the particular defendant has caused or personally participated in causing the deprivation of a particular constitutional right. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The court's inquiry into causation must be individualized and must focus on the duties and responsibilities of each defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). *See also Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. Rather, the plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm he has allegedly suffered. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Rizzo*, 423 U.S. at 371.

Mr. Osborne has failed to identify any action, let alone any unconstitutional action, taken by Officer Gonzales. In his deposition, Mr. Osborne stated that he sued Officer Gonzales because he was present at the incident and was perceived to be a part of that incident. Dkt. 60, Declaration of Michael J. Throgmorton, Ex. A., Osborne Dep. at 86:3 – 86:11. However, it is uncontroverted that Officer Gonzales was not involved in Mr. Osborne's arrest. Although Mr. Osborne states in his deposition that he thinks Officer Gonzales "touched" him when he put Mr. Osborne in the car, the summary judgment evidence reflects that it was in fact Detective Ahn who escorted Mr. Osborne to the car and Officer Gonzales never physically touched or otherwise came into contact with Mr. Osborne. Dkt. 59, Gonzales Decl., at ¶ 7. Even if Officer Gonzales

"touched" Mr. Osborne, there is nothing before the Court to support a claim of excessive force by Officer Gonzales.

Based on the foregoing, the undersigned concludes that Office Gonzales is entitled to summary judgment on Mr. Osborne's claims of excessive force.

### Motion for Strike Pursuant to 28 U.S.C. § 1915(g)

Officer Gonzales argues that Mr. Osborne's claims against him are frivolous because Mr. Osborne sued him without even knowing which agency he worked for and in full knowledge of the fact that he had not participated in the events of which he complains. Dkt. 57 at 12. He asks that dismissal of Mr. Osborne's action against him be counted as a "strike" for purposes of 28 U.S.C. § 1915(g).

Mr. Osborne testified that he sued Office Gonzales because "he was participating in that act that occurred" and he sued him because he perceived him to be part of that action. Dkt. 60, Throgmorton Decl., Ex. A, Osborne Dep. at 86:3 – 86:11. He also testified that he believed Officer Gonzales touched him when Officer Gonzales "came over to the Durango" and put him in the car. Id., 85:16 – 86:2.

The Court's recommendation is based on Officer Gonzales's evidence that he was not involved in Mr. Osborne's arrest, and on Mr. Osborne's failure to provide evidence to establish a causal connection between Officer Gonzales's actions and the harm Mr. Osborne allegedly suffered. Because summary judgment is recommended on evidentiary grounds, and not for frivolousness, maliciousness, or failure to state a claim, the dismissal of claims against Officer Gonzales should not count as a strike. *See*, *El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016).

Accordingly, the undersigned recommends that Officer Gonzales's request that the Court impose a strike against Mr. Osborne be denied.

## CONCLUSION

Based on the foregoing, the Court finds that the motion for summary judgment of Defendant Joshua Gonzales (Dkt. 57) be **GRANTED** and all claims against him in this lawsuit be **dismissed with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the Report and Recommendation for consideration on **March 10, 2017,** as noted in the caption.

**DATED** this 17th day of February 2017.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8